In re VANCOUVER BOOK & STATIONERY CO., Inc.

No. 12986.

District Court, W. D. Washington, Southern Division. Jan. 9, 1941.

dered preference because the jury's verdict defeats the jurisdiction of this court to grant creditor relief.

 The debtor in this case is entitled to its taxable costs and it would seem equitable to allow satisfaction for such costs out of any money in the court's hands belonging to. the petitioning creditors. An order may be settled upon notice or stipulation dismissing the action, allowing the debtor's taxable costs, and returning to the petitioning creditors making the preference surrender the amount of the surrender less such costs.

Layton & Boyrie and N. Ray Alber, all of Portland, Or., and Wayne W. Keyes, of Tacoma, Wash., for petitioning creditors.

Reuben G. Lenske, of Portland, Or., and Fred W. Tempes, of Vancouver, Wash., for alleged bankrupt.

. BOWEN, District Judge. .

It was long ago held that the surrender of the preference necessary to qualify a petitioning creditor could not properly be made to the debtor, In re Currier, Fed. Cas.No.3492. Stated in another way, such surrender can be properly made only to or for the trustee for the creditors, Gilbert's Collier on Bankruptcy, 4th Ed., page 780,. § 1058. In all respects concerning preferences and requiring surrender of them, the court under the bankruptcy law favors only the creditors. The creditor who has received a preference and the court have no object to effect a repayment to the debtor of the preference and are not required to do so. In re McGuire, Fed.Cas. No.8,813.

In this case, therefore, the debtor has no interest in the preference surrendered to the court by the petitioning creditors and the debtor has no interest which will support a claim of lien by the debtor's attorney. The creditors, other than the petitioning creditors who surrendered the preference, have no remedy in this court for any claim upon the surren-